# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | BLANCHE M. MANNING | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1884 | **DATE** | April 16, 2008 |
| **CASE TITLE** | Danny R. Triplett (#2007-0008710) vs. James Triantafillo | | |

**DOCKET ENTRY TEXT:**

The plaintiff is granted leave to proceed *in forma pauperis*. The court authorizes and orders Cook County Jail officials to deduct $1.00 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. The clerk is directed to issue summons for service on the defendant by the U.S. Marshal. The clerk is also directed to send the plaintiff a magistrate judge consent form and filing instructions along with a copy of this order.

■ **[For further details see text below.]**   **Docketing to mail notices.**

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendant, a Chicago police officer, violated the plaintiff's constitutional rights by searching the apartment the plaintiff was visiting without a search warrant, by using unjustified force against the plaintiff, and by falsely arresting him for drug possession.

The court construes the plaintiff's trust account statement as a motion for leave to proceed *in forma pauperis*. The motion is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $1.00. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's
**(CONTINUED)**

mjm

**STATEMENT (continued)**

name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. At this stage in the proceedings, the court must accept the plaintiff's factual allegations as true. Using this standard of review, the court finds that the complaint states colorable causes of action under the Civil Rights Act. The defendant, therefore, must respond to the allegations in the complaint.

The clerk shall issue summonses for service of the complaint on the defendant. The clerk shall also send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve the defendant. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. If Officer Triantafillo can no longer be found at the work address provided by the plaintiff, the Chicago Police Department shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. The plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendant [or to defense counsel, once an attorney has entered an appearance on behalf of the defendant]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.